IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Baldwin,                    Case No. 3:12 CV 1867

                                             MEMORANDUM OPINION
                 Plaintiff,             AND ORDER

           -vs-                         JUDGE JACK ZOUHARY

Chief Inspector Croft, et al.,

                 Defendants.

### INTRODUCTION

Pending before this Court is *pro se* Plaintiff's Motion for an Order to Obtain Defendants' Addresses (Doc. 11) for purposes of effectuating service. As set forth below, Plaintiff's Motion is granted.

### BACKGROUND

This Court issued an Opinion and Order on November 29, 2012 (Doc. 4) allowing Plaintiff's claims to go forward against three Defendants (Kenny, Hostetler, and Johnson), each of whom were corrections officers at the Toledo Correctional Institution ("ToCI"). Because Plaintiff proceeds in this Court *in forma pauperis*, he is entitled to have a United States Marshal serve process on Defendants. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Plaintiff provided the necessary summonses and Marshal forms for each of these three Defendants, and listed the correct ToCI address for purposes of service. The Marshals attempted to effect service by certified mail;

however, service was returned unexecuted on December 6, 2012 (Docs. 7–9). Plaintiff asserts the Marshals advised him that ToCI staff indicated the three Defendants no longer were employed at ToCI (Doc. 11). Upon hearing from the Marshals, Plaintiff filed this Motion requesting that the Marshals undertake all "reasonable efforts" to ascertain Defendants' current addresses, and indicated he would be filing a motion for an enlargement of time to effect service of process (which has not yet been filed).

**ANALYSIS**

"[W]hen a Plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Using U.S. Marshals to effect service "alleviates two concerns that pervade prisoner litigation . . . (1) the security risks inherent in providing the addresses of prison employees to prisoners; and (2) the reality that prisoners often get the 'runaround' when they attempt to obtain information through governmental channels." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

At issue here is what should happen when the initial attempt to serve process by U.S. Marshal fails because a defendant is no longer employed at the institution the plaintiff identified. This Court has "broad remedial power to ensure proper service is accomplished once an *in forma pauperis* plaintiff has taken reasonable steps to identify the defendants named in the complaint." *Ely v. Smith*, 2008 WL 2076651, at *1 (E.D. Tenn. 2008) (citing *Byrd*, 94 F.3d at 219). Although this Court has no affirmative obligation to seek out a defendant's address, the Sixth Circuit and other courts have looked favorably upon such orders. *See Fitts v. Sicker*, 2007 WL 419623, at *7 (6th Cir. 2007).

2

In *Fitts*, the Sixth Circuit noted that the district court could have ordered the Michigan Department of Corrections to provide a defendant's last known address when that defendant no longer worked at the address known to the plaintiff. *Id.* at *7. Facing a similar situation, the Seventh Circuit noted that a state prison, while justifiably reluctant to provide employee addresses to a prisoner, "hardly can claim the same reluctance in providing the information to a federal law enforcement agency." *Graham*, 51 F.3d at 713. And when faced with a procedural posture similar to this case, a Tennessee district court ordered a state prison to provide the Marshals with the current addresses of former prison employees so the Marshals could effect service. *Ely*, 2008 WL 2076651, at *2.

Here, Plaintiff satisfied his obligations by providing ToCI's correct address to the Marshals. When the Marshals were unable to effect service, service was returned unexecuted, and this Court is unaware of any further steps taken by the Marshals to identify Defendants' current addresses. Because Plaintiff is a prisoner, it is highly unlikely he will be able to obtain Defendants' last known addresses without the Marshals' or this Court's assistance, and it appears the Marshals could obtain these addresses with reasonable effort.

Therefore, the warden of ToCI is hereby ordered to provide the U.S. Marshal Service with Defendants Kenny, Hostetler, and Johnson's last known addresses. A Marshal shall obtain this information from ToCI, and thereafter attempt to effect service. Mindful of the justifiable security concerns associated with this information, the Marshals shall take care to maintain those addresses in confidence, and shall not include such information in any documents provided to Plaintiff or filed in this Court.

**CONCLUSION**

Plaintiff's Motion (Doc. 11) is granted. Because the U.S. Marshals Service is required to take reasonable efforts to effect service for a plaintiff proceeding *in forma pauperis*, and it is a reasonable step to obtain Defendants' last known addresses from ToCI, the Marshals shall obtain Defendants' last known addresses from ToCI and attempt to effect service. Further, the Marshals shall take every step to maintain the confidence of these addresses.

IT IS SO ORDERED.

                                                                     s/ *Jack Zouhary*
                                                                      JACK ZOUHARY
                                                                      U. S. DISTRICT JUDGE

                                                                      January 16, 2013